IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GERARD LINKERHOF,

        Plaintiff,

v.

DELAWARE SOCIETY FOR THE
PREVENTION OF CRUELTY TO
ANIMALS, a Delaware not-for-profit
corporation,
        Defendant.

C.A. No. 11-256-LPS

## MEMORANDUM ORDER

At Wilmington this 9th day of March, 2012:

Pending before the Court is a Motion to Dismiss filed by defendant Delaware Society for the Prevention of Cruelty to Animals ("Delaware SPCA" or "Defendant"). (D.I. 4) For the reasons discussed below, the Court will grant in part and deny in part Defendant's Motion to Dismiss.

### I.    BACKGROUND[1]

#### A.    Factual Background

Plaintiff Gerald Linkerhof ("Plaintiff") was employed by the Delaware SPCA for approximately eleven years. (D.I. 1 at ¶ 6) From April 2000 until his termination in August 2008, Plaintiff worked as the shelter manager of the Delaware SPCA's Sussex County Shelter.

---

[1] On a motion to dismiss, the Court must accept all factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994).

1

(*Id.*) In December 2007, Plaintiff sought promotion from shelter manager to the soon-to-be vacant executive director position. (*Id.* at ¶ 21) Ultimately, Plaintiff was not selected to fill the executive director position; another individual, Anne Cavanaugh ("Cavanaugh"), became the executive director. (*Id.*)

The Delaware SPCA is a nonprofit organization. (*Id.* at ¶ 7) Pursuant to 3 Del. C. § 7901(f), the Delaware SPCA Board of Directors (the "Board") must consist of at least twenty managers who are elected by Delaware SPCA membership. (*Id.* at ¶¶ 7, 82) For purposes of the pending Motion to Dismiss, it is undisputed, that at the time Cavanaugh was hired as executive director and at the time Plaintiff was terminated, the Board consisted of fewer than twenty directors and there were no consistent elections of directors. (D.I. 5 at 2)

After Cavanaugh was hired as executive director, Plaintiff continued to serve in his position as manager of the Sussex County Shelter. (D.I. 1 at ¶ 6) In March 2008, Plaintiff received a copy of an email from Carol McCormick, an animal advocate, directed to "All Delaware Animal Groups and individuals re: the 'new' DE SPCA," which solicited complaints about Plaintiff so Ms. McCormick could gather and present them to someone in a position of power over Plaintiff's job. (*Id.* at ¶ 22, Ex. A) As a result of the email, Plaintiff began to fear that his job may be in danger. (*Id.* at ¶ 22) Plaintiff forwarded Ms. McCormick's email to Cavanaugh asking for clarification, but Cavanaugh never responded. (*Id.*)

In June 2008, after another employee at the Sussex County Shelter was bitten by a dog, Plaintiff prepared and submitted a worker's compensation claim on behalf of the injured

2

employee. (*Id.* at ¶¶ 26-27 & Ex. B)[2] When Cavanaugh learned of the incident, she requested Plaintiff not submit a worker's compensation claim, as doing so would raise insurance premiums for the Delaware SPCA. (*Id.* at ¶ 28, Ex. B) Cavanaugh further advised Plaintiff that the Delaware SPCA would cover the employee's medical bills out of operating funds and would pay the employee for any lost time from work as a result of the injury. (*Id.* at Ex. B) Upon learning that Plaintiff had already submitted the worker's compensation claim, Cavanaugh informed Plaintiff that he should not file any such claims in the future without her permission. (*Id.*)

After an investigation by Cavanaugh and members of the Board in response to several complaints made about Plaintiff by Delaware SPCA volunteers and members of the public, Plaintiff's employment was terminated on August 13, 2008. (*Id.* at ¶¶ 29-41)

## B. Procedural History

On April 23, 2008, Plaintiff filed charges of discrimination with the Delaware Department of Labor ("DDOL") and the Equal Opportunity Employment Commission ("EEOC") against Defendant, alleging age and gender discrimination due to his denial of promotion and annual raise and the fact that he was paid less than a significantly younger female counterpart. (*Id.* at ¶ 24) Subsequently, on September 3, 2008, Plaintiff filed separate claims with the DDOL and EEOC alleging that he was terminated from the Delaware SPCA in retaliation for filing and pursuing the discrimination claim. (*Id.* at ¶ 4) On January 4, 2004, the EEOC and DDOL issued

---

[2]On a motion to dismiss, the Court may consider documents that are "integral to or explicitly relied upon in the complaint." *Angstadt v. Midd-West Sch. Dist.*, 377 F.3d 338, 342 (3d Cir. 2004).

3

Plaintiff a right-to-sue letter relating to the retaliation claim.[3] (D.I. 5)

Plaintiff filed a complaint (D.I. 1 and, hereinafter, "Complaint") on March 28, 2011, asserting multiple claims: retaliation in violation of both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*, and the Delaware Discrimination in Employment Act ("DDEA"), 19 *Del. C.* § 711(f), breach of the implied covenant of good faith and fair dealing, and unlawful firing as a void *ab initio* act under 3 Del. C. § 7901(f). (D.I. 1) In response, on April 21, 2011, Defendant filed the pending Motion to Dismiss. (D.I. 4)

## II. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007)

---

[3] The DDOL and EEOC previously had issued Plaintiff a right-to-sue letter relating to the discrimination claim; however, that right-to-sue letter has expired. (D.I. 1 at ¶ 24)

4

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007)). While heightened fact pleading is not required, "enough facts to state a claim to relief that is plausible on its face" must be alleged. *Twombly,* 127 S. Ct. at 1974. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Resources, Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

## III. DISCUSSION

### A. Retaliation Claims

Count I of the Complaint alleges retaliation in violation of Title VII. (D.I. 1 at ¶¶ 51-59) Based upon the same facts, Count II alleges retaliation in violation of the DDEA. (*Id.* at ¶¶ 60-68) Defendant contends that Plaintiff may pursue a claim for a given set of facts tending to support a claim of retaliation under either Title VII or the DDEA, but not under both. (D.I. 15 at 6)

In *Alred v. Eli Lilly & Co.*, 771 F. Supp. 2d 356 (D. Del. 2011), this Court held that, under Delaware law, a plaintiff is permitted to bring claims under both a federal employment

5

statute and the DDEA in a single federal forum.[4] *Id.* at 367-68. Defendant correctly points out that this decision is not binding precedent. (D.I. 15 at 6; *see also Alred*, 771 F. Supp. 2d at 368 n.4 ("[A] district judge's decision is not even binding on the same judge in a subsequent action.") (internal quotation marks omitted). Nevertheless, having considered Defendants' arguments, the Court is not persuaded that its holding in *Alred* is either incorrect or inapplicable.

Thus, Delaware law does not preclude Plaintiff from bringing his DDEA retaliation claim concurrently with his Title VII retaliation claim in this Court. Accordingly, Defendant's Motion to Dismiss Count II of the Complaint will be denied.

### B. Breach of Implied Covenant of Good Faith and Fair Dealing Claim

In Count III of the Complaint, Plaintiff asserts a claim for breach of the implied covenant of good faith and fair dealing based on the allegation he was terminated in retaliation for asserting another Delaware SPCA employee's legal right to pursue a worker's compensation claim. (*See* D.I. 1 at ¶¶ 69-80) Defendant argues that Count III fails to state a claim because Plaintiff's actions in pursuing worker's compensation insurance benefits were not taken in furtherance of a public policy interest. (D.I. 5 at 9-10)

At-will employment – which means that employees may be terminated from employment for any reason at any time – is the general rule in Delaware. *See Merrill v. Crothall-American, Inc.*, 606 A.2d 96, 102 (Del. 1992). The exceptions to this general rule include where the termination violates public policy. *See Conneen v. MBNA Am. Bank., N.A.*, 334 F.3d 318, 334

---

[4]The Court recognizes that its decision in *Alred* represented a departure from previous District of Delaware decisions, which held that a plaintiff who files claims under Title VII is precluded from concomitantly pursuing state law claims under the DDEA. *See Alred*, 771 F. Supp. 2d at 368 n.4 (collecting earlier cases).

6

(3d Cir. 2003); *Lord v. Souder*, 748 A.2d 393, 400 (Del. 2000). Where an employee's termination violates public policy, Delaware courts have held that the employer can be held liable for breach of an implied covenant of good faith and fair dealing. *See Lord*, 748 A.2d at 401. In order to demonstrate that an employee's termination in violation of public policy is a breach of the implied covenant of good faith and fair dealing, "an employee must satisfy a two-part test: (1) the employee must assert a public interest recognized by some legislative, administrative or judicial authority; and (2) the employee must occupy a position with responsibility for advancing or sustaining that particular interest." *Murphy v. Bancroft Constr. Co.*, 2003 WL 22119187, at *3 (D. Del. Sept. 8, 2003).

The Complaint adequately alleges a breach of the implied covenant of good faith and fair dealing. First, the Complaint states "Delaware has a particular public policy interest in encouraging the filing of Workers' Compensation Claims as evidenced by the Delaware Worker's Compensation Statute, 19 Del. C. §§ 2301, *et seq.*" (D.I. 1 at ¶ 74) Defendants' contention that Plaintiff filed an insurance claim which does not come within the coverage of the Delaware Worker's Compensation Statute cannot be accepted on review of a motion to dismiss. Moreover, even if the insurance claim filed does not fall within the ambit of the Delaware Worker's Compensation Statute, its filing may nonetheless help further the "public policy of compensating employees for injures sustained while working." *Sirkin & Levine v. Timmons*, 652 A.2d 1079, 1083 (Del. Super. 1994). Taking the allegations in the light most favorable to the Plaintiff, as the Court is required to do, the Complaint adequately alleges a public interest in filing of worker's compensation claims, which it is alleged that Plaintiff assisted an employee in doing.

7

The Complaint also satisfies the second part of the test because it is alleged that plaintiff, as the supervisor of an injured employee, "occupied a position with responsibility for advancing or sustaining that particular public policy interest encouraging the filing of Worker's Compensation claims." (D.I. 1 at ¶ 75) Accordingly, Defendants' Motion to Dismiss Claim III of the Complaint will be denied.

### C. Void *ab initio* Termination Claim

Count IV of the Complaint alleges that the Board's decision to fire Plaintiff was void *ab initio* because the Board was not properly constructed at the time this decision was made, as is required by 3 Del. C. § 7901(f). (D.I. 1 at ¶¶ 81-91) Defendant asserts that because the act complained of would have been within the scope of the Board's authority had the Board been properly constituted, it is merely voidable, not void *ab initio*, and, thus, the claim asserted in Count IV must fail. (D.I. 15 at 12)

Under Delaware law, a board's actions are void *ab initio* if they are "illegal acts or acts beyond the authority of the corporation[, which] are not ratifiable because the corporation cannot, in any case, lawfully accomplish them." *Adams v. Calvarese Farms Maint. Corp., Inc.*, 2010 WL 3944961, at *8 (Del. Ch. Sept. 17, 2010) (internal quotation marks omitted).[5] On the other hand, a board's acts are merely voidable "if performed in the interest of the corporation but beyond the authority of management." *Id.* Thus, where, as here, an action is called into question because it was undertaken by an improperly constituted board, the action is merely voidable, so long as it would have been within the authority of a properly constituted board and so long as the

---

[5]Acts that are void *ab initio* include ultra vires acts, fraudulent acts, or acts constituting corporate waste. *See Adams*, 2010 WL 3944961, at *8.

8

board did not act fraudulently or in bad faith. *See id.* at *9.

The Complaint merely alleges that the Board did not consist of the required duly-elected twenty members. (D.I. 1 at ¶¶ 82-85) Thus, the decision to fire Plaintiff was arguably voidable, but the Complaint fails to state a claim that the decision was void *ab initio*. There are no allegations that the Board was acting in bad faith or fraudulently, attempting to engage in an ultra vires activity, or doing anything that a properly constituted board would have lacked the power to do. Thus, the Complaint fails to state a claim that Plaintiff's firing was void *ab initio*.

Accordingly, the Court will grant Defendant's Motion to Dismiss Count IV of the Complaint. However, the Court will give Plaintiff leave to amend Count IV of the Complaint, as the facts suggest that Plaintiff may be able to state a claim that the Board's act was voidable. *See generally Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) ("[I]f a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile.").

## IV. CONCLUSION

For the above reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (D.I. 4) is **GRANTED** with respect to Count IV of the Complaint and **DENIED** with respect to all other counts. Plaintiff is given leave to amend Count IV of the Complaint. Plaintiff must file an Amended Complaint, if any, within twenty-one (21) days form the date of this Memorandum Order.

UNITED STATES DISTRICT JUDGE

9